Lema v 1148 Corp. (2025 NY Slip Op 05769)

Lema v 1148 Corp.

2025 NY Slip Op 05769

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 450904/18, 450865/18, 150221/18, 150316/18|Appeal No. 4989|Case No. 2025-01461|

[*1]Jesus Lema, et al., Plaintiffs-Respondents,
v
The 1148 Corporation, Defendant-Appellant.

Jorge Bedoya, Plaintiff-Respondent,
v
The 1148 Corporation, Defendant-Appellant.

Maria Isabel Urquizo Flores, Plaintiff-Respondent,
v
The 1148 Corporation, Defendant-Appellant.

Fireman's Fund Insurance Company Also Known as The 1148 Corporation, Plaintiff,
v
Montano Wood Care Corp., Defendant-Respondent.

Perry, Van Etten, Rainis & Kutner, LLP, Melville (Michael C. Dombrowski of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for Jesus Lema, Maria Lema, Maria Isabel Urquizo Flores and Jorge Bedoya, respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about January 22, 2025, which, to the extent appealed from, granted plaintiffs' motions for partial summary judgment on their Labor Law § 241(6) claims predicated on Industrial Code (12 NYCRR) §§ 23-1.7(g) and 12-1.7(a) and denied defendant The 1148 Corporation's (1148 Corp.) motion for summary judgment dismissing plaintiffs' Labor Law § 241(6) claims predicated on (12 NYCRR) §§ 23-2.8(e) and 23-1.5(c), and their Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.
Plaintiffs' stripping and refinishing work on wood paneling inside the elevator cabs at defendant 1148 Corp's building constituted construction work within the meaning of Labor Law § 241(6). The work, which was akin to a painting renovation project, took several days, and involved sanding, solvents, and lacquer spraying by means of an electric compressor (see Joblon v Solow, 91 NY2d 457, 466 [1998]; 12 NYCRR 23-1.4[b][13]).
The court properly granted plaintiffs partial summary judgment on their Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.7(g). Plaintiffs used flammable solvents and lacquers in confined, unventilated elevator cars, which prompted tenant complaints about the smells and established a need for testing the relevant air space prior to each work day that involved use of the solvents. In opposition, 1148 Corp. failed to offer evidence to raise a triable issue as to this violation.
Plaintiffs also established prima facie that 1148 Corp. violated 12 NYCRR 12-1.7(a) and that such violation was a proximate cause of their flash fire burn injuries. Plaintiffs established that their wood restoration work involved the application of flammable solvents and lacquers in the elevator cabs, that they were directed to use a lacquer spray compressor that was overheating in order to finish the job, that the compressor was used inside of the confined elevator cab immediately prior to the accident, and that a spark from the compressor that plaintiff Jesus Lema was handling next to the elevator cab door triggered the flash fire. Plaintiff Jorge Bedoya testified that just prior to the accident the heavy concentration of air contaminants inside the elevator was visible through the plastic sheeting he was holding over the elevator door. Plaintiffs' evidence established that the proximity of the faulty compressor next to the elevator cabs was a proximate cause of their severe burn injuries. In opposition, 1148 Corp. failed to raise a triable issue of fact.
The motion court also properly found that triable issues existed as to whether 1148 Corp. directly supervised and/or controlled the means and methods of the injury-producing work so as to warrant the denial of its motion for summary judgment dismissing plaintiffs' common-law negligence and Labor Law § 200 claims (see e.g. Lucas v City of New York, 236 AD3d 523, 525 [1st Dept 2025]).
We have considered 1148 Corp.'s remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025